UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOHN DIXON,

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK, a municipal entity,
MICHAEL BLOOMBERG, Mayor of the City of
New York, RAYMOND W. KELLY, New York City
Police Commissioner, BRIDGET G. BRENNAN, as
Special Narcotics Prosecutor for the City of New
York, CAPTAIN JOSEPH TERRANOVA,
LIEUTENANT LALLY, DETECTIVE JASON
LEVY (Shield # 6945), DETECTIVE DEROSALIA,
DETECTIVE RIOS, POLICE OFFICER
FRIEDMAN, POLICE OFFICER ALBERT
MARVELLI (Shield # 7844), POLICE OFFICER
RINALDI, DETECTIVE STAPLETON,
DETECTIVE DICRESCENTO, DETECTIVE
IRIZZARY, New York City Police Supervisors and
Commanders RICHARD ROEs 1-50, POLICE
OFFICERS JOHN DOE AND RICHARD ROE
(names and number of whom are unknown at
present), and other unidentified members of the New
York City Police Department,

                                        Defendants.
------------------------------------------------------------------X

**STIPULATION OF
SETTLEMENT AND
ORDER OF DISMISSAL**

10 CV 2220 (BMC)

**WHEREAS,** plaintiff JOHN DIXON commenced this action by filing a

complaint on or about March 14, 2010, alleging that the defendants violated his federal civil and

state common law rights; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiff's

allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation,

without further proceedings and without admitting any fault or liability; and

**WHEREAS**, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1.      The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.      The City of New York hereby agrees to pay plaintiff JOHN DIXON the sum of Two Hundred Thousand Dollars ($200,000.00), in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all claims against the named defendants, THE CITY OF NEW YORK, MICHAEL BLOOMBERG, RAYMOND W. KELLY, BRIDGET G. BRENNAN, CAPTAIN JOSEPH TERRANOVA, LIEUTENANT LALLY, DETECTIVE JASON LEVY (Shield # 6945), DETECTIVE DEROSALIA, DETECTIVE RIOS, POLICE OFFICER FRIEDMAN, POLICE OFFICER ALBERT MARVELLI (Shield # 7844), POLICE OFFICER RINALDI, DETECTIVE STAPLETON, DETECTIVE DICRESCENTO, DETECTIVE IRIZZARY, and the individuals identified in the caption of the complaint as "New York City Police Supervisors and Commanders RICHARD ROEs 1-50, POLICE OFFICERS JOHN DOE AND RICHARD ROE (names and number of whom are unknown at present), and other unidentified members of the New York City Police Department", and to release all defendants, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

2

3.      Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4.      Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.      Plaintiff agrees to hold harmless THE CITY OF NEW YORK, MICHAEL BLOOMBERG, RAYMOND W. KELLY, BRIDGET G. BRENNAN, CAPTAIN JOSEPH TERRANOVA, LIEUTENANT LALLY, DETECTIVE JASON LEVY (Shield # 6945), DETECTIVE DEROSALIA, DETECTIVE RIOS, POLICE OFFICER FRIEDMAN, POLICE OFFICER ALBERT MARVELLI (Shield # 7844), POLICE OFFICER RINALDI, DETECTIVE STAPLETON, DETECTIVE DICRESCENTO, DETECTIVE IRIZZARY, and the individuals identified herein as "New York City Police Supervisors and Commanders RICHARD ROEs 1-

3

50, POLICE OFFICERS JOHN DOE AND RICHARD ROE (names and number of whom are unknown at present), and other unidentified members of the New York City Police Department", regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter.  If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

4

7.      This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         JANUARY 14 , 2011

Anthony Cecutti, Esq.                          MICHAEL A. CARDOZO
*Attorney for Plaintiff*                       Corporation Counsel of the
100 Lafayette Street—Suite 401                    City of New York
New York, New York 10013                       *Attorney for Defendants*
Tel: 917-741-1837                              100 Church Street | 3-192
                                               New York, New York 10007
                                               T: 212-788-8684
                                               F: 212-788-9776
                                               Email: mhudson@law.nyc.gov

By:                                     ‹   By:

_____             _____
Anthony Cecutti, Esq.                      Maurice L. Hudson
*Attorney for Plaintiff*                   *Assistant Corporation Counsel*


SO ORDERED:  1/18/11

\S\

_____
HON. BRIAN M. COGAN
U.S. DISTRICT JUDGE

5